IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**SEALED** **SEALED**

Our Case: 26-MJ-6536-Shaw-Wilder

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:26-749 |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1957 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 982(b)(1) |
| LAMONICA VALRIE, | ) | 18 U.S.C. § 982(a)(2)(A) |
| a/k/a "Monti Valrie" | ) | 28 U.S.C. § 2461(c) |
| | ) | |

FILED BY YH D.C.
Sep 15, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**SEALED INDICTMENT**

COUNT 1
*(Wire Fraud)*

THE GRAND JURY CHARGES:

1. Allen University (AU) is a Historically Black College and University (HBCU) that was established in 1870 and is located in Columbia, South Carolina. AU was founded by the African Methodist Episcopal (AME) Church. AU has an NCAA Division II football team that plays at a local high school stadium for home games.

2. 50 Plus 1 is a Limited Liability Company based in Coral Gables, FL. The Articles of Organization for 50 Plus 1 list the Title Manager as **LAMONICA VALRIE**, a/k/a "Monti Valrie."

3. Victim 1 is the founder and owner of an architectural firm operating out of Kansas City, Kansas.

THE SCHEME AND ARTIFICE

4. That beginning in or about March 2021 and continuing until in or about June 2025, in the District of South Carolina and elsewhere, the Defendant, **LAMONICA VALRIE**, a/k/a Monti Valrie, devised and intended to devise a scheme to defraud AU, the AME Church, VICTIM

1, and others known and unknown to the Grand Jury, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

MANNER AND MEANS

5. It was part of the scheme and artifice to defraud that **LAMONICA VALRIE**, a/k/a Monti Valrie, purported to be a sports stadium developer.

6. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, partnered with Victim 1 in or around March 2021. Victim 1 provided business loans for Valrie and 50 Plus 1. In exchange, Valrie promised to hire Victim 1's firm for every project 50 Plus 1 secured. Valrie promised to repay the loans in addition to Victim 1's firm collecting fees for the work they provided 50 Plus 1. The funds were originally provided for use only on business expenses related to securing development deals.

7. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, partnered with AU in or around August 2023 and promised to build a football stadium by 2025 at no cost to AU. At the time of the agreement, **LAMONICA VALRIE**, a/k/a Monti Valrie, did not have sufficient funding sources to develop, construct, or build a stadium.

8. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, in January 2024, secured an amendment to the agreement with AU that would pay $3 million to expedite the construction of the stadium and to provide a playable field by the start of the 2024 football season. The agreement explicitly noted that funds from the Expedite Fee shall be used for activities which advance the project.

9. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, secured a lump sum of $500,000.00 from AU, plus payments of $70,000.00 per month from AU to expedite the construction of the stadium.

10. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, secured additional payments of $79,839.41 and $75,000.00 from the AME Church independent from AU payments for the stadium project. AU and the AME Church paid a total of $1,794,517.41 to Valrie for expediting the stadium.

11. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, did not use the funds to expedite construction of the stadium and instead used the overwhelming majority of funds to fuel a lavish lifestyle in Miami Beach, Florida. **LAMONICA VALRIE**, a/k/a Monti Valrie, used the expedited funds to purchase or rent extravagant items such as an opulent Florida home, luxury automobiles, clothing, and jewelry.

12. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, did defraud Victim 1 out of approximately $500,000.00 of architectural designs for the AU project.

13. It was part of the scheme and artifice that **LAMONICA VALRIE,** a/k/a Monti Valrie, did defraud Victim 1 out of a total of $4,300,675.00 in fraudulent "business development" loans.

14. That beginning in or about March 2021 and continuing until in or about June 2025, in the District of South Carolina and elsewhere, the Defendant, **LAMONICA VALRIE**, a/k/a Monti Valrie, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce signals and sounds and the defendant caused that act to be done;

In violation of Title 18, United States Code, Section 1343 and 2.

COUNTS 2-4
*(Money Laundering)*

THE GRAND JURY FURTHER CHARGES:

15. On or about the dates set forth below, in the District of South Carolina and elsewhere, the defendant, **LAMONICA VALRIE**, a/k/a Monti Valrie, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud as explained in Count 1 above and hereby incorporated by reference, and the defendant caused that act to be done;

| **Count** | **Amount** | **Date** | **Monetary Transaction** |
|---|---|---|---|
| 2. | $30,000.00 | 10/8/2024 | Forza Exotics, a luxury car rental company |
| 3. | $20,000.00 | 1/6/2025 | Classic Yacht Chartering & Catering LLC |
| 4. | $24,000.00 | 5/2/2025 | Jerome and W Laurence Services – Rental Property |

In violation of Title 18, United States Code, Section 1957 and 2.

**FORFEITURE**

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, **LAMONICA VALRIE,** a/k/a Monti Valrie, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to such offense.

MONEY LAUNDERING:

Upon conviction to violate Title 18, United States Code, Sections 1957 as charged in this Indictment, the Defendant, **LAMONICA VALRIE,** a/k/a Monti Valrie, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense, and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

(1) Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $6,095,192.41 and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to her violation of 18 U.S.C. § 1343.

(2) Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offense charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of her violation of 18 U.S.C. § 1957.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

*< signature block to follow >*

A TRUE Bill

[redacted]

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: ____________________
T. DeWayne Pearson (Fed. ID # 10859)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel: 803-929-3000
Fax: 803-254-2943
DeWayne.Pearson@usdoj,gov