BNDDUTY,CLOSED

# U.S. District Court
# Southern District of Florida (Ft Lauderdale)
# CRIMINAL DOCKET FOR CASE #: 0:26−mj−06536−DSW All Defendants

Case title: USA v. Lamonica Valrie

Date Filed: 09/15/2026

Date Terminated: 09/15/2026

---

Assigned to: Magistrate Judge
Detra Shaw−Wilder

**Defendant (1)**

**Lamonica Valrie**
92931−512
*YOB 1968; English*
*TERMINATED: 09/15/2026*
*also known as*
Monti Valrie
*TERMINATED: 09/15/2026*

represented by **Noticing FPD−FTL**
(954) 356−7436
Email: ftl_ecf@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| 18 U.S.C.§1343 WIRE FRAUD; 18 U.S.C.§1957 MONEY LAUNDERING | |

---

**Plaintiff**

**USA**

represented by **Alicia E. Shick**
United States Attorney's Office

500 E Broward Boulevard
7th Floor
Fort Lauderdale, FL 33394
954−660−5793
Fax: 954−356−7336
Email: alicia.shick@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2026 | 12 | ORDER OF REMOVAL ISSUED to District of District of South Carolina as to Lamonica Valrie Closing Case for Defendant. Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. *See attached document for full details.* (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 11 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Lamonica Valrie (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 10 | $100,000 PSB Bond Entered as to Lamonica Valrie Approved by Magistrate Judge Detra Shaw−Wilder. *Please see bond image for conditions of release.* (smy) (Additional attachment(s) added on 9/15/2026: # 1 Restricted Bond with 7th Page) (smy). (Entered: 09/15/2026) |
| 09/15/2026 | 9 | PAPERLESS ORDER granting 8 Motion for Bond. Bond recommendation/set: Lamonica Valrie (1) $100,000 PSB. as to Lamonica Valrie (1). Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 8 | Joint **ORE TENUS** MOTION for Bond as to Lamonica Valrie. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 7 | PAPERLESS ORDER granting 6 Motion to Appoint Counsel as to Lamonica Valrie (1). Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 6 | **ORE TENUS** MOTION to Appoint Counsel by Lamonica Valrie. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 5 | Minute Order for proceedings held before Magistrate Judge Detra Shaw−Wilder: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Lamonica Valrie held on 9/15/2026. Bond recommendation/set: Lamonica Valrie (1) $100,000 PSB. Date of Arrest or Surrender: 9/15/2026. Defendant waives Removal and Identity Hearings, waiver signed. Order of Removal issued. Attorney added: Noticing FPD−FTL for Lamonica Valrie (Digital 11:03:30) Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 4 | ORDER granting 3 Motion to Unseal Case as to Lamonica Valrie (1). Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. *See attached document for full details.* (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 3 | **ORE TENUS** MOTION to Unseal Case by USA as to Lamonica Valrie. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 2 | NOTICE OF HEARING as to Lamonica Valrie Initial Appearance − Rule 5(c)(3)/40 |

| | | |
|---|---|---|
| | | set for 9/15/2026 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (smy) (Entered: 09/15/2026) |
| 09/15/2026 | 1 | Magistrate Judge Removal of Indictment from District of South Carolina Case number in the other District 3:26−cr−749 as to Lamonica Valrie (1). (smy) (Main Document 1 replaced on 9/15/2026) (smy). (Entered: 09/15/2026) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-6536-MJ-SHAW-WILDER

UNITED STATES OF AMERICA

vs

ORDER OF REMOVAL

LAMONICA VALRIE

It appearing that in the **District of South Carolina an Indictment** was filed against the above-named defendant, that the defendant was arrested in the Southern District of Florida and was given a hearing before a **United States Magistrate Judge at Fort Lauderdale, Florida**, which official committed the defendant for removal to the **District of South Carolina.**

it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge for removal and posted bail in the amount of **$** 100,000 PSB **Personal/Cash OR Corporate Surety Bond** which was approved by the United States Magistrate Judge, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bail bond furnished by the defendant, and it is further

ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

DONE AND ORDERED at Fort Lauderdale, Florida this 15th day of September, 2026.

DETRA SHAW-WILDER
UNITED STATES MAGISTRATE JUDGE

cc: Financial

# UNITED STATES DISTRICT COURT
FOR THE

SOUTHERN DISTRICT OF FLORIDA

Our Case No: **26-MJ-6536-DSW**
Your Case No: **3:26-749**

**UNITED STATES OF AMERICA**

**vs**

**WAIVER OF REMOVAL/IDENTITY HEARING**

**Lamonica Valrie**

**I** , Lamonica Valrie charged in a proceeding on a Conspiracy to Possess with intent to distribute Controlled Substances **filed in the District of South Carolina in Violation of 18:U.S.C.§ 1343, 1957 and** having been arrested in the **Southern District of Florida (Fort Lauderdale)** and taken before **United States Magistrate Judge Detra Shaw-Wilder** for that district, who informed me of the charge and of my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and to have a removal hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned Magistrate Judge and consent to the issuance of a Warrant for my Removal to the **District of South Carolina** where the aforesaid charge is pending against me.

**Monday September 15, 2026**

Signature of defendant

**Detra Shaw-Wilder**
**United States Magistrate Judge**

cc: All Counsel

Revised 03/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: 100,000 PSB bond

CASE NO.: 26-MJ-6586-DSW

UNITED STATES OF AMERICA:

Plaintiff,

v. USM #: 92931-512

Defendant,

LAMONICA VALRIE /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 100,000 ~~5% Bond w/ [illegible] & cosigner~~ PSB DSW

**STANDARD CONDITIONS OF BOND**

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Umarica Valeade
CASE NUMBER: 26-MJ-6536
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____ excessive OR ____ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ f. Employment restriction(s): ______________________________

__ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.; (list provided)

__ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

__ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: Lamont Vxleve
CASE NUMBER: 26-mj-6536-DSW
PAGE THREE

✓ o. **LOCATION MONITORING PROGRAM:** The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i) Following the location restriction component (**check one**):

__ (1) **Curfew.** You are restricted to your residence every day (__) from ________ to ______, or (__) as directed by the supervising officer; or

X (2) **Home Detention.** You are restricted to your residence at all times except employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or

__ (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court.

__ (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restriction. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

ii) Submit to the following location monitoring technology (**check one**):

✓ (1) Location monitoring technology as directed by the supervising officer; or paid by Deft

__ (2) GPS; or

__ (3) Radio Frequency; or

__ (4) Voice Recognition; or

__ (5) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

iii) (__) pay all or part of the cost of the location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment
( ) education
( ) religious services
( ) medical, substance abuse, or mental health treatment
( ) attorney visits
( ) court appearances
( ) court ordered obligations
( ) reporting to Pretrial Services
( ) other ________________________________________

DEFENDANT: Latmonica Valerie
CASE NUMBER: 26-MJ-6536-DSW
PAGE FOUR

__ q. Third-Party Custody: ______________________ will serve as a third-party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SDFL D/SC, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond: must reside at address given on record.

DEFENDANT: Lamonte Valeise
CASE NUMBER: 26-MJ-6536
PAGE FIVE

PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: LAmonica Valerie
CASE NUMBER: 26-mj-6536
PAGE SIX

PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

DEFENDANT

Signed this 15 day of September, 20 26 at Fort Lauderdale, Florida

Signed and acknowledged before me: DEFENDANT: (Signature) [signature]

WITNESS: [signature]

Fort Lauderdale (City) Florida (State)

Fort Lauderdale, FL (City) Florida (State)

CORPORATE SURETY

Signed this ____ day of ____, 20 26 at ____, Florida

SURETY: ____ AGENT: (Signature) ____

PRINT NAME: ____

City ____ State ____

INDIVIDUAL SURETIES

Signed this ___ day of ____, 20 26 at ____, Florida
SURETY: (Signature) ____
PRINT NAME: ____
RELATIONSHIP TO DEFENDANT: ____
City ____ State ____

Signed this ___ day of ____, 20 26 at ____, Florida
SURETY: (Signature) ____
PRINT NAME: ____
RELATIONSHIP TO DEFENDANT: ____
City ____ State ____

Signed this ___ day of ____, 20 26 at ____, Florida
SURETY: (Signature) ____
PRINT NAME: ____
RELATIONSHIP TO DEFENDANT: ____
City ____ State ____

Signed this ___ day of ____, 20 26 at ____, Florida
SURETY: (Signature) ____
PRINT NAME: ____
RELATIONSHIP TO DEFENDANT: ____
City ____ State ____

APPROVAL BY THE COURT

Date: 9/15/2026 [signature]

Detta Shaw-Wilder
UNITED STATES MAGISTRATE JUDGE

Revised 03/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: 100,000 PSB bond

CASE NO.: 26-MJ-6586-DSW

UNITED STATES OF AMERICA:

Plaintiff,

v.

USM #: 92931-512

Defendant,

LAMONICA VALRIE /

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 100,000 ~~15% Bond w/ Nebbia & cosignature~~ PSB DSW

STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

1. Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

2. May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel. The Southern District of Florida consists of the following counties: Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

3. May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

4. Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

5. Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Umarica Vafeade
CASE NUMBER: 26-MJ-6536
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ___ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ f. Employment restriction(s): ______________________________

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.; (list provided)

___ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT: [illegible]
CASE NUMBER: 26-mj-6536-DSW
PAGE THREE

✓ o. **LOCATION MONITORING PROGRAM:** The defendant shall participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i) Following the location restriction component **(check one):**

__ (1) **Curfew.** You are restricted to your residence every day (__) from ________ to ______, or (__) as directed by the supervising officer; or

X (2) **Home Detention.** You are restricted to your residence at all times except employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the supervising officer; or

__ (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court.

__ (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restriction. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

ii) Submit to the following location monitoring technology **(check one):**

✓ (1) Location monitoring technology as directed by the supervising officer; or   paid by Deft

__ (2) GPS; or

__ (3) Radio Frequency; or

__ (4) Voice Recognition; or

__ (5) Virtual Mobile Application. You must allow pretrial services or supervising officer to conduct initial and periodic inspection of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., location services) are unaltered, and 3) no efforts have been made to alter the mobile application.

iii) (__) pay all or part of the cost of the location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the supervising officer.

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or ( ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

( ) employment
( ) education
( ) religious services
( ) medical, substance abuse, or mental health treatment
( ) attorney visits
( ) court appearances
( ) court ordered obligations
( ) reporting to Pretrial Services
( ) other ________________________________

__ q. Third-Party Custody: ______________________ will serve as a third-party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third-party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

__ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions for Defendants Charged or Convicted of a Sexual Offense:

1. ( ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. ( ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. ( ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. ( ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. ( ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. ( ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. ( ) The defendant shall not be involved in any children's or youth organizations.
8. ( ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. ( ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: SDFL D/SC, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond: must reside at address given on record.

DEFENDANT: Lamonte Valerie
CASE NUMBER: 26-MJ-6536
PAGE FIVE

PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: Amonica Valencia
CASE NUMBER: 26-mj-6536
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this 15 day of September, 20 26 at Fort Lauderdale, Florida

Signed and acknowledged before me: DEFENDANT: (Signature) [signature]

WITNESS: [signature]

Fort Lauderdale Florida
City State

Fort Lauderdale, FL Florida
City State

### CORPORATE SURETY

Signed this ______ day of ______________, 20 26 at ____________, Florida

SURETY: ____________________ AGENT: (Signature) ____________________

PRINT NAME: ____________________

__________ __________
City State

### INDIVIDUAL SURETIES

Signed this ___ day of __________, 20 26 at ________, Florida

SURETY: (Signature) ____________________

PRINT NAME: ____________________

RELATIONSHIP TO DEFENDANT: ____________

__________ __________
City State

Signed this ___ day of __________, 20 26 at ________, Florida

SURETY: (Signature) ____________________

PRINT NAME: ____________________

RELATIONSHIP TO DEFENDANT: ____________

__________ __________
City State

Signed this ___ day of __________, 20 26 at ________, Florida

SURETY: (Signature) ____________________

PRINT NAME: ____________________

RELATIONSHIP TO DEFENDANT: ____________

__________ __________
City State

Signed this ___ day of __________, 20 26 at ________, Florida

SURETY: (Signature) ____________________

PRINT NAME: ____________________

RELATIONSHIP TO DEFENDANT: ____________

__________ __________
City State

### APPROVAL BY THE COURT

Date: 9/15/2026 [signature]

Detra Shaw-Wilder
UNITED STATES MAGISTRATE JUDGE

CM/ECF RESTRICTED

DEFENDANT: Lamont Valente
CASE NUMBER: 26-mj-6536
PAGE SEVEN

PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

DEFENDANT

Signed this 15 day of September, 20 26 at Fort Lauderdale, Florida

Signed and acknowledged before me: DEFENDANT: (Signature) [signature]

WITNESS: [signature] ADDRESS: 1329 Tyler Street

ADDRESS: ________ Hollywood, FL ZIP: 33019

ZIP: ________ TELEPHONE: 305-998-9552

CORPORATE SURETY

Signed this ____ day of ________, 20 26 at ________, Florida

SURETY: ________ AGENT: (Signature) ________

ADDRESS: ________ PRINT NAME: ________

ZIP: ________ TELEPHONE: ________

INDIVIDUAL SURETIES

| | |
|---|---|
| Signed this ___ day of ________, 20 26 at ________, Florida | Signed this ___ day of ________, 20 26 at ________, Florida |
| SURETY: (Signature) ________ | SURETY: (Signature) ________ |
| PRINT NAME: ________ | PRINT NAME: ________ |
| RELATIONSHIP TO DEFENDANT: ________ | RELATIONSHIP TO DEFENDANT: ________ |
| ADDRESS: ________ | ADDRESS: ________ |
| ZIP: ________ | ZIP: ________ |
| TELEPHONE: ________ | TELEPHONE: ________ |
| Signed this ___ day of ________, 20 26 at ________, Florida | Signed this ___ day of ________, 20 26 at ________, Florida |
| SURETY: (Signature) ________ | SURETY: (Signature) ________ |
| PRINT NAME: ________ | PRINT NAME: ________ |
| RELATIONSHIP TO DEFENDANT: ________ | RELATIONSHIP TO DEFENDANT: ________ |
| ADDRESS: ________ | ADDRESS: ________ |
| ZIP: ________ | ZIP: ________ |
| TELEPHONE: ________ | TELEPHONE: ________ |

MIME−Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
−−Case Participants: Alicia E. Shick (alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, stevans.lopez−torres@usdoj.gov, usafls−hqdkt@usdoj.gov), Noticing FPD−FTL (ftl_ecf@fd.org), Magistrate Judge Detra Shaw−Wilder (shaw−wilder@flsd.uscourts.gov)
−−Non Case Participants: Financial Clerk (flsd_financial@flsd.uscourts.gov), United States Pretrial, Probation and PSIunit Office (DQA) (flsp_dqa@flsp.uscourts.gov, mia_dqa@flsp.uscourts.gov)
−−No Notice Sent:

Message−Id:27141618@flsd.uscourts.gov
Subject:Activity in Case 0:26−mj−06536−DSW USA v. Lamonica Valrie Order on Motion for Bond
Content−Type: text/html

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/15/2026 at 1:30 PM EDT and filed on 9/15/2026

| | |
|---|---|
| **Case Name:** | USA v. Lamonica Valrie |
| **Case Number:** | 0:26−mj−06536−DSW |
| **Filer:** | |
| **Document Number:** | 9(No document attached) |

**Docket Text:**
**PAPERLESS ORDER granting [8] Motion for Bond. Bond recommendation/set: Lamonica Valrie (1) $100,000 PSB. as to Lamonica Valrie (1). Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. (smy)**

**0:26−mj−06536−DSW−1 Notice has been electronically mailed to:**

Noticing FPD−FTL     ftl_ecf@fd.org

Alicia E. Shick     alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, Stevans.Lopez−Torres@usdoj.gov, USAFLS−HQDKT@usdoj.gov

**0:26−mj−06536−DSW−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

MIME−Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
−−Case Participants: Alicia E. Shick (alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, stevans.lopez−torres@usdoj.gov, usafls−hqdkt@usdoj.gov), Noticing FPD−FTL (ftl_ecf@fd.org), Magistrate Judge Detra Shaw−Wilder (shaw−wilder@flsd.uscourts.gov)
−−Non Case Participants: United States Pretrial, Probation and PSIunit Office (DQA) (flsp_dqa@flsp.uscourts.gov, mia_dqa@flsp.uscourts.gov)
−−No Notice Sent:

Message−Id:27141585@flsd.uscourts.gov
Subject:Activity in Case 0:26−mj−06536−DSW USA v. Lamonica Valrie Motion for Bond
Content−Type: text/html

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/15/2026 at 1:27 PM EDT and filed on 9/15/2026

| | |
|---|---|
| **Case Name:** | USA v. Lamonica Valrie |
| **Case Number:** | 0:26−mj−06536−DSW |
| **Filer:** | USA |
| **Document Number:** | 8(No document attached) |

**Docket Text:**
**Joint ORE TENUS MOTION for Bond as to Lamonica Valrie. (smy)**

**0:26−mj−06536−DSW−1 Notice has been electronically mailed to:**

Noticing FPD−FTL     ftl_ecf@fd.org

Alicia E. Shick     alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, Stevans.Lopez−Torres@usdoj.gov, USAFLS−HQDKT@usdoj.gov

**0:26−mj−06536−DSW−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

MIME−Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
−−Case Participants: Alicia E. Shick (alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, stevans.lopez−torres@usdoj.gov, usafls−hqdkt@usdoj.gov), Noticing FPD−FTL (ftl_ecf@fd.org), Magistrate Judge Detra Shaw−Wilder (shaw−wilder@flsd.uscourts.gov)
−−Non Case Participants: Federal Public Defender (fls_ecf@fd.org)
−−No Notice Sent:

Message−Id:27141578@flsd.uscourts.gov
Subject:Activity in Case 0:26−mj−06536−DSW USA v. Lamonica Valrie Order on Motion to Appoint Counsel
Content−Type: text/html

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/15/2026 at 1:26 PM EDT and filed on 9/15/2026

| | |
|---|---|
| **Case Name:** | USA v. Lamonica Valrie |
| **Case Number:** | 0:26−mj−06536−DSW |
| **Filer:** | |
| **Document Number:** | 7(No document attached) |

**Docket Text:**
**PAPERLESS ORDER granting [6] Motion to Appoint Counsel as to Lamonica Valrie (1). Signed by Magistrate Judge Detra Shaw−Wilder on 9/15/2026. (smy)**

**0:26−mj−06536−DSW−1 Notice has been electronically mailed to:**

Alicia E. Shick alicia.shick@usdoj.gov, Stevans.Lopez−Torres@usdoj.gov, USAFLS−HQDKT@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov

Noticing FPD−FTL ftl_ecf@fd.org

**0:26−mj−06536−DSW−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

MIME−Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
−−Case Participants: Alicia E. Shick (alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, stevans.lopez−torres@usdoj.gov, usafls−hqdkt@usdoj.gov), Noticing FPD−FTL (ftl_ecf@fd.org), Magistrate Judge Detra Shaw−Wilder (shaw−wilder@flsd.uscourts.gov)
−−Non Case Participants: Federal Public Defender (fls_ecf@fd.org)
−−No Notice Sent:

Message−Id:27141564@flsd.uscourts.gov
Subject:Activity in Case 0:26−mj−06536−DSW USA v. Lamonica Valrie Motion to Appoint Counsel
Content−Type: text/html

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/15/2026 at 1:25 PM EDT and filed on 9/15/2026

| | |
|---|---|
| **Case Name:** | USA v. Lamonica Valrie |
| **Case Number:** | 0:26−mj−06536−DSW |
| **Filer:** | Dft No. 1 − Lamonica Valrie |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
**ORE TENUS MOTION to Appoint Counsel by Lamonica Valrie. (smy)**

**0:26−mj−06536−DSW−1 Notice has been electronically mailed to:**

Noticing FPD−FTL     ftl_ecf@fd.org

Alicia E. Shick     alicia.shick@usdoj.gov, bianca.ocvil@usdoj.gov, jelenia.weeks@usdoj.gov, Stevans.Lopez−Torres@usdoj.gov, USAFLS−HQDKT@usdoj.gov

**0:26−mj−06536−DSW−1 Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1−888−318−2260.:**

# COURT MINUTES/ORDER

## United States Magistrate Judge Detra Shaw-Wilder

**COURTROOM 203D** Date: 9/10/2026 Time: 11:00 AM

Defendant: Lamonica Valrie (J) J#: 92931-512 Case #: 26-MJ-6536-DSW

AUSA: **Alicia Shick** Attorney: **AFPD- Peter Patanzo**

Violation: Wire Fraud / Money Laundering

Proceeding: Initial Appearance/ Rule 5 (c) 3/40 CJA Appt: ______

Bond/PTD Held: ○ Yes ◉ No Recommended Bond: ______

Bond Set at: $100,000 PSB Co-signed by: ______

Language: English

- ☑ Surrender and/or do not obtain passports/travel docs
- ☑ Report to PTS as directed/or ______ x's a week/month by phone: ______ x's a week/month in person
- ☐ Random urine testing by Pretrial Services ______ Treatment as deemed necessary
- ☐ Refrain from excessive use of alcohol/drugs
- ☐ Participate in mental health assessment & treatment
- ☐ Maintain or seek full-time employment/education
- ☑ No contact with victims/witnesses/ (list provided)
- ☑ No firearms
- ☐ Not to encumber property
- ☐ May not visit transportation establishments
- ☑ **Home Detention/Electronic Monitoring** and/determined by pts Curfew ______ pm to ______ am, paid by Defendant
- ☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment
- ☑ Travel extended to: SDFL and D/SC (for court)
- ☑ Other: Must reside at address given on the record

**Disposition:**

Defendant present; advised of rights and charges. Government's Ore Tenus motion to unseal case – Granted. Defendant sworn, given colloquy and the Court finds Defendant does not qualify for court appointed counsel. The Court appointed AFPD for the purpose of the Removal Hearing as a friend of the Court. Joint Ore Tenus motion for bond – Granted. The Court accepts the $100,000 PSB and the special conditions. Defendant waives removal and identity hearing. See waiver. Order of Removal signed. The Defendant shall report to all further proceedings in the District of South Carolina.

| **NEXT COURT APPEARANCE** | **Date:** | **Time:** | **Judge:** | **Place:** |
|---|---|---|---|---|
| Report Re: Counsel: | | | | |
| PTD/Removal: | | | | |
| Prelim/Arraignment: | | | | |
| Extradition hearing: | | | | |

D.A.R. 11:03:30 Time in Court: 45 minutes

**CHECK IF APPLICABLE: __For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including ____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 26-MJ-6536-DSW

UNITED STATES OF AMERICA,

Plaintiff,

v.

Lamonica Valrie
Defendant,
_______________________________/

**ORDER**

**THIS CAUSE** came before the Court pursuant to the arrest of the above-named defendants. Being fully advised in the premises, it is hereby **ORDERED** and **ADJUDGED** that this case is unsealed.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on this 15th day of September 2026.

Dated: 9/15/26

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

MIME−Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
−−Case Participants: Magistrate Judge Detra Shaw−Wilder (shaw−wilder@flsd.uscourts.gov)
−−Non Case Participants:
−−No Notice Sent:

Message−Id:27141378@flsd.uscourts.gov
Subject:Activity in Case 26−6536 Sealed v. Sealed (Redacted Notice)
Content−Type: text/html

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/15/2026 at 1:03 PM EDT and filed on 9/15/2026

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 0:26−mj−06536−DSW *SEALED* |
| **Filer:** | USA |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
**ORE TENUS MOTION to Unseal Case by USA as to Lamonica Valrie. (smy)**

**0:26−mj−06536−DSW *SEALED*−1 No electronic public notice will be sent because the case/entry is sealed.**

MIME−Version:1.0
From:cmecfautosender@flsd.uscourts.gov
To:flsd_cmecf_notice
Bcc:
--Case Participants: Magistrate Judge Detra Shaw−Wilder (shaw−wilder@flsd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message−Id:27140233@flsd.uscourts.gov
Subject:Activity in Case 26−6536 Sealed v. Sealed (Redacted Notice)
Content−Type: text/html

**U.S. District Court**

**Southern District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/15/2026 at 10:41 AM EDT and filed on 9/15/2026

| | |
|---|---|
| **Case Name:** | USA v. SEALED |
| **Case Number:** | 0:26−mj−06536−DSW *SEALED* |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
**NOTICE OF HEARING as to Lamonica Valrie Initial Appearance − Rule 5(c)(3)/40 set for 9/15/2026 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (smy)**

**0:26−mj−06536−DSW *SEALED*−1 No electronic public notice will be sent because the case/entry is sealed.**

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

SEALED

Our Case: 26-MJ-6536-Shaw-Wilder

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:26-749 |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1957 |
| v. | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(1) |
| | ) | 18 U.S.C. § 982(b)(1) |
| LAMONICA VALRIE, | ) | 18 U.S.C. § 982(a)(2)(A) |
| a/k/a "Monti Valrie" | ) | 28 U.S.C. § 2461(c) |
| | ) | |

FILED BY YH D.C.
Sep 15, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**SEALED INDICTMENT**

COUNT 1
*(Wire Fraud)*

THE GRAND JURY CHARGES:

1. Allen University (AU) is a Historically Black College and University (HBCU) that was established in 1870 and is located in Columbia, South Carolina. AU was founded by the African Methodist Episcopal (AME) Church. AU has an NCAA Division II football team that plays at a local high school stadium for home games.

2. 50 Plus 1 is a Limited Liability Company based in Coral Gables, FL. The Articles of Organization for 50 Plus 1 list the Title Manager as **LAMONICA VALRIE**, a/k/a "Monti Valrie."

3. Victim 1 is the founder and owner of an architectural firm operating out of Kansas City, Kansas.

THE SCHEME AND ARTIFICE

4. That beginning in or about March 2021 and continuing until in or about June 2025, in the District of South Carolina and elsewhere, the Defendant, **LAMONICA VALRIE**, a/k/a Monti Valrie, devised and intended to devise a scheme to defraud AU, the AME Church, VICTIM

1, and others known and unknown to the Grand Jury, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

MANNER AND MEANS

5. It was part of the scheme and artifice to defraud that **LAMONICA VALRIE**, a/k/a Monti Valrie, purported to be a sports stadium developer.

6. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, partnered with Victim 1 in or around March 2021. Victim 1 provided business loans for Valrie and 50 Plus 1. In exchange, Valrie promised to hire Victim 1's firm for every project 50 Plus 1 secured. Valrie promised to repay the loans in addition to Victim 1's firm collecting fees for the work they provided 50 Plus 1. The funds were originally provided for use only on business expenses related to securing development deals.

7. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, partnered with AU in or around August 2023 and promised to build a football stadium by 2025 at no cost to AU. At the time of the agreement, **LAMONICA VALRIE**, a/k/a Monti Valrie, did not have sufficient funding sources to develop, construct, or build a stadium.

8. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, in January 2024, secured an amendment to the agreement with AU that would pay $3 million to expedite the construction of the stadium and to provide a playable field by the start of the 2024 football season. The agreement explicitly noted that funds from the Expedite Fee shall be used for activities which advance the project.

9. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, secured a lump sum of $500,000.00 from AU, plus payments of $70,000.00 per month from AU to expedite the construction of the stadium.

10. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, secured additional payments of $79,839.41 and $75,000.00 from the AME Church independent from AU payments for the stadium project. AU and the AME Church paid a total of $1,794,517.41 to Valrie for expediting the stadium.

11. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, did not use the funds to expedite construction of the stadium and instead used the overwhelming majority of funds to fuel a lavish lifestyle in Miami Beach, Florida. **LAMONICA VALRIE**, a/k/a Monti Valrie, used the expedited funds to purchase or rent extravagant items such as an opulent Florida home, luxury automobiles, clothing, and jewelry.

12. It was part of the scheme and artifice that **LAMONICA VALRIE**, a/k/a Monti Valrie, did defraud Victim 1 out of approximately $500,000.00 of architectural designs for the AU project.

13. It was part of the scheme and artifice that **LAMONICA VALRIE,** a/k/a Monti Valrie, did defraud Victim 1 out of a total of $4,300,675.00 in fraudulent "business development" loans.

14. That beginning in or about March 2021 and continuing until in or about June 2025, in the District of South Carolina and elsewhere, the Defendant, **LAMONICA VALRIE**, a/k/a Monti Valrie, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate commerce signals and sounds and the defendant caused that act to be done;

In violation of Title 18, United States Code, Section 1343 and 2.

<u>COUNTS 2-4</u>
*(Money Laundering)*

THE GRAND JURY FURTHER CHARGES:

15. On or about the dates set forth below, in the District of South Carolina and elsewhere, the defendant, **LAMONICA VALRIE,** a/k/a Monti Valrie, did knowingly engage and attempt to engage in the following monetary transactions by, through, or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, transfer, and exchange of U.S. currency, funds, and monetary instruments, such property having been derived from a specified unlawful activity, that is, wire fraud as explained in Count 1 above and hereby incorporated by reference, and the defendant caused that act to be done;

| **Count** | **Amount** | **Date** | **Monetary Transaction** |
|---|---|---|---|
| 2. | $30,000.00 | 10/8/2024 | Forza Exotics, a luxury car rental company |
| 3. | $20,000.00 | 1/6/2025 | Classic Yacht Chartering & Catering LLC |
| 4. | $24,000.00 | 5/2/2025 | Jerome and W Laurence Services – Rental Property |

In violation of Title 18, United States Code, Section 1957 and 2.

**FORFEITURE**

WIRE FRAUD:

Upon conviction to violate Title 18, United States Code, Section 1343 as charged in this Indictment, the Defendant, **LAMONICA VALRIE,** a/k/a Monti Valrie, shall forfeit to the United States, any property, real or personal, which constitutes, is traceable to, or is derived from proceeds traceable to such offense.

MONEY LAUNDERING:

Upon conviction to violate Title 18, United States Code, Sections 1957 as charged in this Indictment, the Defendant, **LAMONICA VALRIE,** a/k/a Monti Valrie, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendant obtained directly or indirectly as a result of such offense, and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment.

PROPERTY:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Indictment includes, but is not limited to, the following:

(1) Proceeds/Forfeiture Judgment:

A sum of money equal to all proceeds the Defendant obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $6,095,192.41 and all interest and proceeds traceable thereto, and/or such sum that equals all property traceable to her violation of 18 U.S.C. § 1343.

(2) Money Laundering/Forfeiture Judgment:

A sum of money equal to all property involved in the money laundering offense charged in the Indictment, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of her violation of 18 U.S.C. § 1957.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property;

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

*< signature block to follow >*

A True Bill

[redacted]

FOREPERSON

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: ______________________
T. DeWayne Pearson (Fed. ID # 10859)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, SC 29201
Tel: 803-929-3000
Fax: 803-254-2943
DeWayne.Pearson@usdoj,gov